UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-23377-DSL

JETCHILL LTD,

    Plaintiff,

v.

SHENZHEN JIARUI MINGHUI
TRADING CO., LTD. and EXPLONOVA
STORE,

    Defendants.
_____/

**REPORT AND RECOMMENDATIONS**

**THIS MATTER** is before the Court upon Shenzhen Jiarui Minghui Trading Co., Ltd. and ExploNova Store's (collectively, "Defendant") Motion to Dissolve TRO (ECF No. 22), and Plaintiff Jetchill Ltd's Motion to Extend TRO (ECF No. 24). These Motions, as well as Plaintiff's pending Motion for Preliminary Injunction, (ECF No. 21), were referred to the undersigned United States Magistrate Judge by the Honorable David S. Leibowitz for report and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules. (ECF No. 34). The Court held a telephonic hearing on Defendant's Motion to Dissolve TRO and Plaintiff's Motion to Extend TRO on October 6, 2025. (ECF No. 49). For the reasons set forth below, the undersigned respectfully recommends that Defendant's Motion to Dissolve TRO be **DENIED**, as moot; and that Plaintiff's Motion to Extend TRO be **DENIED**.

1

## I. BACKGROUND AND PROCEDURAL HISTORY

This action concerns aroma guns—bubble-making machines for use in beverage and cocktail mixing—and bubble mixtures and cocktail aromas designed for use therewith. On July 28, 2025, Jetchill, a UK manufacturer of tools, accessories, and ingredients for the hospitality industry, filed a Complaint seeking damages and injunctive relief against Defendant.[1] (ECF No. 1). The Complaint broadly asserts that Defendant has promoted, advertised, sold and/or offered for sale "counterfeits and infringements of Plaintiff's high-quality patented aroma guns, and bubble mixtures and cocktail aromas[.]" (*Id.* ¶ 104). Plaintiff asserts six Counts against Defendant: Trademark Infringement (Count I); False Designation of Origin (Count II); Common Law Trademark Infringement (Count III); Design Patent Infringement (Count IV); Utility Patent Infringement (Count VI); and Deceptive or Unfair Trade Practices in violation of Florida Law (Count VII).[2] (*Id.* at 22–27).

On August 13, Plaintiff moved to impose an *ex parte* temporary restraining order (TRO) on Defendant, (ECF No. 5), which motion the Court granted on August 27. (ECF No. 11). The TRO as first issued was set to expire on September 10. (*Id.*).

Defendant noticed its appearance in this case on September 4. Four days later, Plaintiff moved for a preliminary injunction, (ECF No. 21). That same day, Defendant moved to dissolve the effective TRO and in opposition to the TRO's further extension, (ECF No. 22).[3]

---

[1] ExploNova Store is the seller name of Jiarui Minghui Trading Company, Ltd. (ECF No. 22 at 1).

[2] Plaintiff's Complaint omits Count V.

[3] Defendant's Motion to Dissolve (ECF No. 22) is docketed as a Motion to Dissolve TRO and Opposition to Extension of TRO, in light of Plaintiff's request in its Motion for Preliminary Injunction that the TRO then in effect be extended "through the date of the hearing." (ECF No. 21 at 13).

### A. Defendant's Motion to Dissolve TRO

As stated above, Defendant filed its Motion to Dissolve TRO on September 8. Plaintiff filed its Response on September 26, (ECF No. 43), and Defendant, its Reply, (ECF No. 47), on October 1. Defendant argues that Plaintiff obtained and served the TRO with intent to deceive and levies merits-based and affirmative defenses to the various Counts of Plaintiff's Complaint. (ECF No. 22). Plaintiff argues that it is Defendant that has acted deceptively, for example by failing to comply with the Integrity, Notification, and Fairness in Online Retail Marketplaces for Consumers Act (INFORM Act), 15 U.S.C. § 45f. (ECF No. 43 at 3). Plaintiff further responds to Defendant's substantive arguments, in support of its claim that the TRO should be extended. (ECF No. 43).

### B. Plaintiff's Motion to Extend TRO

Plaintiff filed its Motion to Extend TRO, (ECF No. 24), on September 10, the day the original TRO was set to expire. Defendant filed a Response, (ECF No. 25), and Plaintiff its Reply, (ECF No. 26), the same day. Plaintiff sought extension "through September 16, 2025, and then . . . through the date set by the Court to hear Plaintiff's Motion for Preliminary Injunction and [Defendant's] Motion to Dissolve TRO." (ECF No. 24 at 3). The Court granted Plaintiff's motion in part, extending the TRO until September 16, 2025. (ECF No. 28). The Court did not rule on Plaintiff's alternative request for an extension through the date of the as-yet unscheduled preliminary injunction hearing. (ECF No. 41 at 2) (clarifying that the Court referred Plaintiff's motion for extension beyond September 16 to the undersigned).[4]

---

[4] Plaintiff moved for clarification and to extend the TRO on the date of the matter's referral, (ECF No. 35) to which Defendant filed a Response, (ECF No. 38), and Plaintiff, a Reply, (ECF No. 39), on the same day. The Court issued an Order clarifying that it had "referred all pending motions (including Plaintiff's request that the TRO be extended beyond [September 16]") to the undersigned. (ECF No. 41 at 2). Notwithstanding, the undersigned notes that the Court's referral and order of clarification postdated the TRO's specified date of expiry. *See* (ECF Nos. 34, 41).

The Parties filed their Joint Status Report on September 16, (ECF No. 33), proposing competing briefing schedules. Three days later, the Court referred to the undersigned for report and recommendation Defendant's Motion to Dissolve TRO, Plaintiff's Motion for Preliminary Injunction, and (to the extent it had not already been resolved), Plaintiff's Motion to Extend. (ECF No. 34). Upon referral of these motions, the undersigned convened a status conference on the Parties' proposed briefing schedules. (ECF No. 40). After the conclusion of briefing on Defendant's Motion to Dissolve, on October 6, the Court held a further telephonic hearing on Defendant's Motion to Dissolve and Plaintiff's competing Motion to Extend TRO. (ECF No. 49).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 65(b) governs the issuance and extension of temporary restraining orders ("TROs"):

> (1) ***Issuing Without Notice***. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
>
> (2) ***Contents; Expiration.*** Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, <u>unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension</u>. The reasons for an extension must be entered in the record.

(emphasis added); *see also S.E.C. v. Comcoa Ltd.*, 887 F. Supp. 1521, 1526–27 (S.D. Fla. 1995).

The purpose of a TRO is to protect the movant from irreparable injury and preserve the status quo until the district court can enter a decision on a preliminary injunction application; a

4

preliminary injunction maintains the status quo until the court can enter a final decision on the merits of the case. *United States v. DBB, Inc.*, 180 F.3d 1277, 1282 & n.5 (11th Cir. 1999); *see also Canal Auth. Of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). In order to obtain a temporary restraining order or preliminary injunction, a plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that granting the relief would not be adverse to the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *Kotori Designs, LLC v. Living Well Spending Less, Inc.*, No. 16-cv-637, 2016 WL 6833004, at *2 (M.D. Fla. Nov. 21, 2016) ("While the emergency nature of a [TRO] allows a court to rule before the other party has responded and thus to act on information that is likely one-sided, it is otherwise true that the standard on a motion for preliminary injunction is identical to that for a temporary restraining order."). A TRO is an extraordinary remedy which should be granted only when the movant clearly carries the burden of persuasion as to each of the above four prerequisites. *See Smart Profitability Sols., LLC v. Double Check Risk Sols., LLC*, No. 18-CV-706, 2018 WL 6380885, at *3 (N.D. Ga. May 23, 2018); *see also Shabazz v. Sec., Dep't of Corr.*, 17-cv-638, 2018 WL 1255025, at *1 (M.D. Fla. Mar. 12, 2018); *Levine v. Comcoa Ltd.*, 70 F.3d 1191, 1194) (Hill, C.J., concurring) ("An *ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution. Rule 65(b) of the Federal Rules of Civil Procedure imposes strict restrictions on its scope and specific time constraints for its duration.").

### III.   DISCUSSION

The Parties vigorously dispute the merits of their respective positions in their briefing on Defendant's Motion to Dissolve. Neither Party's briefing addresses the elephant in the room (the

5

first of two): the TRO expired by operation of law on September 16, three days before the undersigned was referred the Parties' several motions.

### A. Defendant's Motion to Dissolve is Moot Because the TRO expired on September 16, 2025.

On September 11, the Court issued an Order extending the TRO in this case until September 16. The Order does not extend the TRO beyond that date, nor does the Order suggest that its limited extension might be subject to further extension in the future. (ECF No. 28). Indeed, the Court clarified, three days after expiry, that it had referred (*i.e.*, not ruled upon) Plaintiff's motion to extend the TRO beyond September 16. (ECF No. 41). Thus, by the terms of the last applicable order of extension, the TRO expired on September 16. (ECF No. 28). *See Hare v. Wells Fargo Bank, N.A.*, No. 12-cv-435, 2012 WL 3947342, at *1 (M.D. Fla. Sept. 10, 2012); *Moore v. SunTrust Mortgage, Inc.*, No. 10-CV-1404, 2010 WL 11647095, at *7 (N.D. Ga. Oct. 13, 2010).

Where a TRO has expired as an operation of law, courts routinely deny, as moot, restrained parties' motions to dissolve TROs no longer in effect. *See, e.g.*, *Sarasota Tennis Club Holdings, LLC v. Mitchell*, No. 18-cv-884, 2018 WL 2688788, at *1 (M.D. Fla. May 15, 2018); *Shabazz*, 2018 WL 1255025, at *1 (M.D. Fla. Mar. 12, 2018) ("Here, the Court did not extend the [TRO] and Defendants did not consent to a longer extension. Thus, by operation of law, the [TRO] expired 14 days after its issuance."); *Moore*, 2010 WL 11647095, at *7 (denying request to dissolve TRO as moot where the TRO previously entered had expired "and no party has indicated that the Judge [had] extended the TRO for any period beyond that which is allowed[.]"); *North Woodlawn Invs., LLC v. Grp. 1 Realty Inc. of Del.*, No. 21-1107, 2021 WL 2935912, at *2 (E.D. La. July 13, 2021). Because the TRO lapsed on September 16 by operation of law, and the Court has not ordered otherwise, it is no longer in effect. *Moore*, 2010 WL 11647095, at *7. Therefore, it is no longer

susceptible to dissolution by motion. Accordingly, the undersigned recommends that Defendant's Motion be denied, as moot.

### B. Plaintiff's Motion to Extend TRO Should be Denied.

Plaintiff's Motion to Extend the TRO is similarly due to be denied. Plaintiff has undisputedly *sought* extension of the TRO through the date of the forthcoming preliminary injunction hearing. (ECF Nos. 24, 33). As stated above, however, the Court did not grant Plaintiff such relief prior to the TRO's expiry on September 16. Rather, days after the TRO's expiry, the Court referred the matter of extension to the undersigned to consider the remainder of Plaintiff's Motion to Extend in the first instance. (ECF Nos. 28, 41).

Extension of a TRO is proper where (a) a party moves within the time fixed by the order for extension, and shows good cause, or (b) the restrained party consents to extension. Fed. R. Civ. P. 65(b)(2); *see also Comcoa*, 887 F. Supp. at 1527 (finding that restrained party impliedly consented to extension of TRO by conduct); *Fernandez-Roque v. Smith*, 671 F.2d 426 (11th Cir. 1982) (affirming district court finding that restrained party's statement that they would "like to leave" a TRO "up in the air right now" constituted consent to extension thereof). A TRO may be extended for good cause where "there is a pending motion for preliminary injunction to be heard." *United States v. Aid Med. Equipment*, No. 05-21461, 2005 WL 8155878, at *1 (S.D. Fla. Oct. 21, 2005). However, if extended beyond 28 days' total duration, it should be treated like a motion for preliminary injunction. *Levine*, 70 F.3d at 1193 ("The Supreme Court has said a TRO that is continued beyond the time permissible under Rule 65 should be treated as a preliminary injunction."); *see also Sampson v. Murray*, 415 U.S. 61, 86–87 (1974) (affirming that "a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions").

Following the Court's referral of the pending motions to the undersigned, Plaintiff moved the Court to clarify "whether [its] Temporary Restraining Order . . . is still in effect," and requested in the alternative that "the Court extend the TRO to the date of the Court's decision on Plaintiff's preliminary injunction motion." (ECF No. 35). Plaintiff noted it "believes Defendants agreed to an extension of the TRO through their proposed hearing date of October 14, 2025 if the Court were to set the hearing to that date." (*Id.* at 2). Defendant made clear that it had <u>not</u> agreed that the TRO should be extended to a hearing on that date. (ECF No. 38 at 2) (citing (ECF No. 33)).

The Court's September 19 Order of Clarification stated that it had "extended the TRO until September 16, 2025, (ECF No. 28), and referred all pending motions (including Plaintiff's request that the TRO be extended beyond that date)" to the undersigned. (ECF No. 41 at 2) ("Accordingly, [the undersigned] must determine in the first instance whether the TRO should be extended beyond the court-ordered deadline of September 16, 2025."). Plaintiff's Motion therefore remains live, and denial of the Motion *as moot* is unwarranted. However, the Court notes that no evidentiary hearing had been set on Plaintiff's Motion when filed. This case is therefore distinguishable from instances where extension was justified by reference to a forthcoming, scheduled evidentiary hearing. *See, e.g.*, *Aid Med. Equipment*, 2005 WL 8155878, at *1. The undersigned recommends denial of Plaintiff's Motion to Extend for the additional reasons set forth below.

> i. *Further Extension of the TRO Requires that Plaintiff's Motion to Extend be Converted to a Motion for Preliminary Injunction.*

Just as the Parties' briefing on Defendant's Motion to Dissolve did not contend with the TRO's expiry by operation of law, so too has the briefing omitted discussion of the second elephant in the room: that extending the TRO through the date of the preliminary injunction hearing *nunc pro tunc* would well exceed Rule 65's stringent requirement that a TRO extend no more than 28 days from the date and time of issuance. The TRO was entered on August 27. By Rule 65's text,

8

the TRO could be extended, if at all, to no later than September 24. Fed. R. Civ. P. 65(b) (permitting extension of the 14-day default time limitation where "before [expiry] the court, for good cause, extends it for a like period"). Plaintiff seeks an extension well beyond the 28-day statutory maximum.

Federal Rule 65(b) permits extension of a TRO, designated as such, for a maximum of 28 days. "[A] TRO that is continued beyond the time permissible under Rule 65 should be treated as a preliminary injunction." *Levine*, 70 F.3d at 1193 (citing *Sampson*, 415 U.S. at 87). "For a TRO to be viable beyond the 28-day mark as a preliminary injunction, the order must comport with the formal requirements for a preliminary injunction." *See H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 844–45 (7th Cir. 2012). Treatment of a TRO as a preliminary injunction is "especially appropriate where . . . there has been notice to the parties, a full hearing on a preliminary injunction, and then a stated and clear decision from the bench to extend the terms of the restraining order indefinitely, that is, until the court notifie[s] the parties otherwise." *Levine*, 70 F.3d at 1193; *see also McDougald v. Jenson*, 786 F.2d 1465, 1472–73 (11th Cir. 1986) ("When determining whether to consider an order a TRO or a preliminary injunction . . . courts typically look to such factors as the duration of the order, whether it was issued after notice and a hearing, and the showing made to obtain the order.") (citation omitted). Where there has been no notice to the parties and no hearing on the various factors involved in considering a preliminary injunction, "a TRO continued past the Rule 65 limit falls of its own weight." *Id.* at 1193 n.7 (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 441 (1974); *Hudson v. Barr*, 3 F.3d 970 (10th Cir. 1993)).

Under the agreed briefing schedule, Plaintiff's Motion for Preliminary Injunction is not yet ripe. *Cf. E.R.J. Ins. Grp., Inc. v. Mceachern*, No. 20-cv-847, 2020 WL 5534423, at *1–2 (M.D.

Fla. Aug. 12, 2020) (denying TRO and declining to rule on motion for preliminary injunction before briefing had been completed or a hearing had been held). The formal requirements for entry of a preliminary injunction have not been met because the parties have not yet undertaken a full evidentiary hearing on the matter. *Levine*, 70 F.3d at 1193; *Cf. BABN Techs. Corp. v. Bruno*, No. 98-3409, 1998 WL 720171, at *3 (E.D. Pa. Sept. 2, 1998) (finding that TRO lapsed but construing a two-day hearing before a magistrate judge, "where both parties, with representation of counsel, fully participated and had the opportunity to present evidence and witnesses, and where both parties submitted comprehensive briefs and argument . . . regarding the appropriateness of injunctive relief," as sufficient to support entry of a preliminary injunction). Absent the requisite evidentiary hearing, entry of a preliminary injunction predicated on Plaintiff's motion to extend an expired TRO would be improper. *Levine*, 70 F.3d at 1193.

Separately, "[a] district court has broad discretion to deny preliminary injunctive relief where 'complex issues [exist] that should not be decided without the benefit of a well-developed record.'" *Future Metals LLC v. Ruggiero*, No. 21-civ-60114, 2021 WL 1701568, at *13 (S.D. Fla. Apr. 13, 2021) (quoting *Allied Veterans of the World, Inc.: Affiliate 67 v. Seminole City, Fla.*, 468 F. App'x 922, 923 (11th Cir. 2012)). This litigation began with the Court's issuing an *ex parte* TRO. (ECF No. 11). "An *ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution." *Levine*, 70 F.3d at 1194 (Hill, C.J., concurring). Since the TRO's issuance, Defendant has appeared and raised defenses to the fact-intensive Counts Plaintiff's Complaint asserts. *See* (ECF Nos. 22, 47). Given the manifold disputed facts in this case, and that the parties have yet to convene for an evidentiary hearing, the undersigned concludes that the live issues in this case "should not be decided without the benefit of a well-developed record." *Id.* Deferring the Court's ruling on Plaintiff's request for a preliminary injunction will enable the

parties to make the evidentiary proffers they are entitled to make and will conduce to an ultimate ruling that accords to the preliminary injunction's status as an extraordinary remedy.

Accordingly, the undersigned recommends that the Court deny Plaintiff's Motion to Extend TRO. At the telephonic hearing on October 6, Plaintiff's counsel acknowledged the Court's limitation on extending the TRO beyond the statutory limitation and sought a prompt hearing date.[5]

## IV.  CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Dissolve TRO (ECF No. 22) be **DENIED**, as moot; and that Plaintiff's Motion to Extend TRO (ECF No. 24) be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable David S. Leibowitz, United States District Judge for the Southern District of Florida, within **SEVEN (7) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers, in Miami, Florida this 13th day of October, 2025.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE

---

[5] The evidentiary hearing will be conducted on October 23, 2025, less than two weeks from now.